No Fee Paid



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TREVOR WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | 3-05CV1383-D |
| REMINGTON ARMS COMPANY, INC., | § | |
| | § | |
| Defendant. | § | |

**ORIGINAL**

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff, Trevor Williams, complaining of Remington Arms Company, Inc., Defendant, and for cause of action would show the Court and the jury the following:

### I.

### JURISDICTION AND VENUE

1. The jurisdiction of this Court attaches under the provisions of 28 U.S.C. §1332, in that the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000, and the parties are citizens of different states.

2. Jurisdiction in this case is founded on diversity of citizenship, and venue is proper in the Northern District of Texas under 28 U.S.C. § 1391(a) and (c). Here, there is only one Defendant, so all defendants reside in the same state. 28 U.S.C. § 1391(a)(1). Further, for purposes of the federal venue statute, Remington is deemed to reside in any judicial district in

PLAINTIFF'S ORIGINAL COMPLAINT - Page 1
kl07050505.wpd

which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c). Remington, through its distributors and retailers, currently sells its firearms products throughout the Northern Judicial District of Texas. Thus, Remington's contacts with the Northern District of Texas are continuous and systematic. Therefore, venue is proper in the Northern Judicial District of Texas.

## II.

## PARTIES

3.  Plaintiff Trevor Williams is a citizen of the State of Texas and resides in Williamson County, Texas.

4.  Defendant Remington Arms Company, Inc. (hereinafter "Remington") is a corporation foreign to the State of Texas being duly organized and incorporated under the laws of the State of Delaware and having its principal place of business in North Carolina. At all times relevant to this action, Remington was doing business in the State of Texas by selling, manufacturing and distributing rifles through its distributors and sales force. Service of process on this defendant can be completed by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

## III.

## FACTUAL BACKGROUND

5.  On March 14, 2004, at a ranch in Prowers County, Colorado, Matthew Hershey was handling a Remington Model 710 when it suddenly and unexpectedly discharged and shot Trevor Williams. The trigger was not pulled or contacted in any manner, but instead the rifle

fired as a result of defects in the Walker fire control system. The bullet from the rifle entered Trevor Williams' right hip, shattering the bone and piercing his sciatic nerve. This incident has caused Trevor to require numerous surgeries and, as a result, he has very limited use of his right leg, causing permanent pain, scarring, and disability.

6. Defendant Remington is now engaged in the business of designing, manufacturing, assembling, distributing and selling firearms, and in this regard did design, manufacture, distribute, sell, and place into the stream of commerce the Remington Model 710 bolt action rifle including the action, fire control system, and safety, bearing serial no. 71122640 (hereinafter "rifle"), knowing and expecting that said rifle would be used by consumers and around members of the general public.

7. The Remington Model 710 bolt action rifle contains a dangerously defective Walker fire control system which may fire without a trigger pull upon release of the safety, movement of the bolt, or when jarred or bumped.

8. The subject rifle was manufactured in June of 2003 by Remington, and it was sold at retail by Wal-Mart Supercenter, Store No. 467, in Denton, Texas on or about January, 2004.

9. Remington continues in the design, manufacture, distribution and sale of all Remington Arms product lines, including the Remington Model 710 bolt action rifle, without any significant changes.

10. Plaintiff is bringing this action to recover damages from Defendant arising from Trevor Williams' personal injuries caused by this incident. Plaintiff Trevor Williams' damages include past and future medical and related expenses, mental and physical pain and suffering,

PLAINTIFF'S ORIGINAL COMPLAINT - Page 3
kl07050505.wpd

loss of earnings, impaired earning capacity, permanent disability, disfigurement and other general and special damages in an amount to be determined by the jury at trial of this action.

## IV.

## COUNT I: STRICT LIABILITY

11. Defendant is strictly liable to Plaintiff for designing, manufacturing, and placing into the stream of commerce the Remington Model 710 bolt action rifle, which was unreasonably dangerous for its reasonably foreseeable uses because of the following design defects, which were a producing cause of the occurrence in question: The rifle in question has a propensity to unexpectedly discharge without pulling the trigger.

12. The Remington Model 710 bolt action rifle was in a defective and unreasonably dangerous condition because of Remington's failure to warn of the rifle's propensity to unexpectedly discharge without pulling the trigger.

13. Plaintiff and Matthew Hershey had no knowledge of this defective condition present in the rifle and had no reason to suspect it was unreasonably dangerous prior to the inadvertent discharge.

14. As a direct result of Remington's failure to warn of the rifle's propensity to unexpectedly discharge without pulling the trigger, Plaintiff has suffered and is entitled to recover the damages from Remington.

## COUNT II: NEGLIGENCE

15. Defendant was negligent in the design, manufacture and marketing of the product in question. Defendant knew, or in the exercise of ordinary care should have known, that the

Remington Model 710 Rifle was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used. Defendant was negligent in the particulars set forth in this and the preceding paragraph and such negligence was a proximate cause of the occurrence in question.

16.  Defendant knew, or in the exercise of ordinary care should have known, of the means of equipping the rifle with an adequate fire control system, thereby preventing injury to Trevor Williams. Defendant, further, had actual knowledge of the means of designing such a product which would not fail in one or more of these ways. Notwithstanding this knowledge, Defendant failed to equip the product in question with an adequate five control system to prevent the injuries to Trevor Williams.

17.  Defendant knew, or in the exercise of ordinary care should have known, of problems with such failures to its Model 710 Rifle and its other rifles but failed to notify or warn owners or the generic public prior to Trevor Williams' injuries.

18.  Defendant owed Plaintiff the duty of reasonable care when it designed, manufactured, and marketed the product in question. Defendant violated its duty and was negligent in the particulars set forth above.

19.  Each of the above-mentioned acts or omissions was a proximate cause of the injuries and damages to Plaintiff.

## X.

## DAMAGES AS TO PLAINTIFF

20.  As a result of Defendant's acts and/or omissions, Plaintiff Trevor Williams has

experienced physical pain and suffering in the past and in all reasonable probability will sustain physical pain and suffering in the future.

21.Plaintiff Trevor Williams is a partial paraplegic, thereby causing extensive physical impairment, incapacity and disability in the past, and extensive physical impairment, incapacity and disability in the future.

22.Plaintiff Trevor Williams has incurred other pecuniary damages in the past and in reasonable probability will continue to suffer pecuniary loss in the future, including loss of earnings and earning capacity and the ability to conduct household tasks and other aspects of personal care and service.

23.Plaintiff Trevor Williams has suffered mental anguish in the past and in all reasonable probability will sustain mental anguish in the future.

24.Plaintiff Trevor Williams has incurred reasonable and necessary medical expenses in the past and based upon reasonable medical probability will incur reasonable and necessary medical expenses in the future.

25.The above and foregoing acts and/or omissions of Defendant has caused actual damages to Plaintiff in an amount in excess of the minimum jurisdictional limits of this Court.

## XIII.

## CLAIM FOR PREJUDGMENT INTEREST

26.Plaintiff herein claims pre-interest in accordance with Texas law.

## XIV.

## JURY DEMAND

27. Plaintiff requests that a jury be convened to try the factual issues in this cause.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that upon trial of this cause, this Honorable Court enter judgment for Plaintiff against Defendant for the damages requested herein, for cost of bringing this action, for interest from the date of the incident made the basis of this suit, and for such other relief as may appear to the Court to be proper.

Respectfully submitted,

LAW OFFICES OF WINDLE TURLEY, P.C.

*/s/ Jeffrey W. Hightower, Jr.*
Jeffrey W. Hightower, Jr.
State Bar No. 00793951
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206
Telephone No. 214/691-4025
Telecopier No. 214/361-5802

ATTORNEY FOR PLAINTIFF

%JS 44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

RECEIVED JUL 1 4 2005 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

ORIGINAL

3-05CV1383-D

## I. (a) PLAINTIFFS
Trevor Williams

**DEFENDANTS**
Remington Arms Company, Inc.

(b) County of Residence of First Listed Plaintiff: Williamson County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jeff W. Hightower, Jr., Law Offices of Windle Turley, 1000 Turley Law Center, 6440 N. Central Expwy, Dallas, TX 75206, 214-691-4025

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☒ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 USC §1332

Brief description of cause: A rifle manufactured by Defendant has a propensity to unexpectedly discharge without pulling the trigger. The rifle in question discharged without pulling the trigger and shot Plaintiff in hip.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Exceeds $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE: July 8, 2005
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____