```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                      DALLAS DIVISION
```

TREVOR WILLIAMS,                §
                                §
              Plaintiff,        §
                                § Civil Action No. 3:05-CV-1383-D
VS.                             §
                                §
REMINGTON ARMS COMPANY, INC.    §
                                §
              Defendant.        §

## MEMORANDUM OPINION AND ORDER

The September 12, 2006 motion of Turley Law Firm, f/k/a Law Offices of Windle Turley, P.C. ("Turley") to intervene is granted.[1]

I

Plaintiff Trevor Williams ("Williams") retained Turley on a contingent fee basis to represent him in pursuing claims against Remington Arms Company, Inc. ("Remington") arising from personal injuries he sustained in 2004. The Turley lawyer who represented Williams was Jeffrey W. Hightower, Jr., Esquire ("Hightower"). Williams sued Remington in this court in July 2005. Hightower left Turley in February 2006. In March 2006 Williams terminated Turley's services and hired the late Richard C. Miller, Esquire. In April 2006 Hightower became local counsel for Williams.

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

II

In the Fifth Circuit, a discharged attorney initially retained on a contingent fee basis can intervene as of right in an action in order to protect his interests under the contingent fee contract. *See Keith v. St. George Packing Co.*, 806 F.2d 525, 526 (5th Cir. 1986). This rule—which traces back at least to *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52 (5th Cir. 1970), in this circuit—has been questioned, *see Keith*, 806 F.2d at 526; *Gilbert v. Johnson*, 601 F.2d 761, 767-68 (5th Cir. 1979) (Rubin, J., specially concurring), but it remains the law of the circuit. The court must therefore determine whether Turley has met the four requirements for intervention as of right.

An applicant is entitled to intervene as of right under Fed. R. Civ. P. 24(a)(2) if he (1) files a timely application, (2) has an interest in the subject matter of the action, (3) demonstrates an impediment to protection of this interest arising from the pending action, and (4) shows inadequate protection of that interest by the existing parties to the action. *Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 422 (5th Cir. 2002). Williams challenges only the second element, contending that Turley lacks an interest in the subject matter of the action.[2] The Fifth

---

[2]Relying on Texas law, Williams also maintains that intervention would cause needless confusion. Because the intervention question is governed by federal law as interpreted by the Fifth Circuit, the court need not address this contention.

Circuit has made clear, however, that a discharged attorney has an interest in the subject matter of the action. *See, e.g., Keith*, 806 F.2d at 526.

Accordingly, because Turley has shown that it is entitled to intervene as of right, its September 12, 2006 motion to intervene is granted. Turley must file its complaint in intervention—electronically or on paper—within 10 days of the date this memorandum opinion and order is filed.

**SO ORDERED.**

October 18, 2006.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE