IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TREVOR WILLIAMS | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-05-CV-1383-D |
| REMINGTON ARMS COMPANY, INC. | § § § § | |
| Defendant. | § § | |

## **MEMORANDUM ORDER**

Plaintiff Trevor Williams has filed a motion challenging the "confidential" designation of certain documents produced by Defendant Remington Arms Company, Inc. pursuant to a Stipulated Protective Order filed on May 8, 2006. The protective order provides, in pertinent part:

> If the plaintiff requests production of documents and tangible things which Remington, in good faith, believes are entitled to protection under this stipulated order and the Federal Rules of Civil Procedure, then Remington shall, before production to the plaintiff, affix the label or words:
>
> CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
> WILLIAMS V. REMINGTON
>
> Any and all documents and tangible things . . . so labeled or designated by Remington shall be referred to as the "Remington Confidential Documents" throughout the remainder of this stipulated order.

Stip. Pro. Order, 5/8/06 at 2, ¶ 3. The order further provides that "[t]o the extent any Remington Confidential Documents or the contents thereof are used in depositions or at hearings or trials, such documents and information shall remain subject to the provisions of this order[.]" *Id.* at 3, ¶ 6. Although plaintiff refused to stipulate that any of the documents to be produced by defendants were,

in fact, confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c), he agreed to the entry of the protective order to facilitate discovery in this case. *Id.* at 1, ¶ 2. Now, five weeks after the close of discovery, plaintiff seeks to remove the "confidential" designation for 10 of those documents.[1]

The court notes that the Stipulated Protective Order is silent as to how or when a party may challenge the "confidential" designation of a document. In the joint status report filed on June 11, 2007, defendant questions the timing of plaintiff's motion:

> Why is this relief being sought at this particular time? At the time the motion was filed, the discovery period was closed and the trial was a mere seven weeks away. Remington would certainly hope that plaintiff does not want to improperly create media interest in this trial in order to influence the potential jury pool before trial. Similarly, Remington would hope that Plaintiff has not made this motion at this time simply to harass Remington with a needless discovery dispute at a time the parties should be concentrating their efforts and resources on preparation for trial. But because plaintiff has refused to answer the "why" question, Remington does not know with certainty plaintiff's motivation.

Jt. Stat. Rep., 6/11/07 at 16, ¶ III-D. Plaintiff does not address the timing question, arguing only that defendant cannot meet its burden of proving that the documents at issue are deserving of protection and that public policy favors the disclosure of the documents. *Id.* at 4, ¶ II. While the court does not believe that counsel acted improperly by filing this motion, it sees no reason to decide this discovery dispute at this point in time. Because plaintiff is able to use the "confidential" documents for all purposes, including on summary judgment and at trial, there is no need for the court to spend its valuable resources in deciding a dispute that will not materially advance the disposition of this litigation.

---

[1] In his original motion, plaintiff challenged the "confidential" designation of 20 documents. As a result of discussions between the attorneys held after the motion was filed, defendant agreed to remove the "confidential" designation for eight documents and plaintiff conceded that two documents should remain "confidential." *See* Jt. Stat. Rep., 6/11/07 at 1, ¶ (c).

Accordingly, plaintiff's motion challenging the "confidential" designation of certain documents [Doc. #76] is denied without prejudice. Plaintiff may refile his motion, if necessary and appropriate, after this litigation is concluded.

SO ORDERED.

DATED: June 12, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE