IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TREVOR WILLIAMS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3-05CV1383-D |
| REMINGTON ARMS COMPANY, INC., | § § § § | |
| Defendant. | § | |

### INTERVENOR'S RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AND CONSENT TO PARTIAL PAYMENT TO TREVOR WILLIAMS AND BRIEF IN SUPPORT THEREOF

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Intervenor placed all parties and the court on notice of his contract claim on October 18, 2006 when it filed its Intervention. While at the time of the intervention the claim was one in contract, today with an agreed, and at this point partially funded, settlement between the plaintiff and defendant, the claim is an assignment of 40% (forty percent) of the gross settlement amount, as well as its expenses incurred in prosecuting this claim.

INTERVENOR'S RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AND CONSENT TO PARTIAL PAYMENT TO TREVOR WILLIAMS AND BRIEF IN SUPPORT THEREOF - Page 1 of 5

Wms - Intervenor Resp 2 Mtn 2 Enforce Stlmt fj05120801.wpd

I.

Intervenor does not want to see a delay in payment to plaintiff, Mr. Trevor Williams, of his portion of the settlement, after attorneys fees and expenses. Accordingly, Intervenor consents to payment of the settlement to Mr. Williams with 40% (forty percent) of the gross settlement with Defendant reserved to satisfy his assignment. The remaining 40% (forty percent) of the settlement should be held in trust by Defendant Remington or placed in the registry of the court until the attorney fee dispute is resolved.

II.

Intervenor's assignment of forty percent of the underlying tort claim should be acknowledged by Defendant holding this amount of the settlement in trust or by placing 40% (forty percent) of the gross settlement amount into the registry of the court. Plaintiff's *res judicata* argument ignores the three different options that are available in this type of situation.

> . . .where a plaintiff and defendant, with knowledge that an attorney has been granted an interest in the suit [the assignment], settle the case without recognizing the attorney's interest, the attorney has several choices: (1) he may prosecute the suit against the defendant in his own name or the plaintiff's name, prove liability and damages owed by the defendant to the plaintiff, and recover his proportionate share from the judgment; (2) he may sue the client for his share of the sum paid in settlement . . .; or (3) he may ratify the settlement between the plaintiff and defendant, without the necessity of proving

>liability and damages in the underlying tort suit by seeking to recover only his proportionate share of the settlement funds.[1]

Even if the first route of recovery on the assignment is *res judicata,* the other two are not. Since part of this settlement was reached and at least partially funded without notice to the Intervenor who has an assignment, these three different options for collection of the assignment are available to Intervenor.

Intervenor does not seek any interest in or payment from monies that would ordinarily be distributed to the individual Plaintiff Trevor Williams after payment of his attorney's fees and expenses. Intervenor understands that some monies have already been paid to the Plaintiff and that Plaintiff is entitled to additional proceeds from what is purported to be $925,000 still to be paid by Remington's insurer. Intervenor has no objection to the payment of the remaining funds due to the plaintiff Trevor Williams individually so long as 40% (forty percent) of the gross settlement is held in trust by Remington's insurer or deposited into the registry of the Court pending a final determination as to fair distribution of attorney's fees in this case.

---

[1] *Honeycutt v. Billingsley,* 992 S.W. 2d 570, 585 (Tex. App.- Houston [1st Dist.] 1999, pet. denied; *see also Law Offices of Windle Turley, P. C. v. Ghiasinejad,* 109 S.W. 3d 68, 72 (Tex. App. - Fort Worth 2003, no pet.).

INTERVENOR'S RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AND CONSENT TO PARTIAL PAYMENT TO TREVOR WILLIAMS AND BRIEF IN SUPPORT THEREOF - Page 3 of 5

Wms - Intervenor Resp 2 Mtn 2 Enforce Stlmt fj05120801.wpd

WHEREFORE, Intervenor gives notice of the consent to pay all monies due and owing to Trevor Williams individually except for 40% (forty percent) of the gross settlement to be held in trust by the Defendant or placed into the registry of the Court until a final determination is made as to a fair distribution of attorney's fees.

        Respectfully submitted,

        TURLEY LAW FIRM

        /s/
        Linda Turley
        State Bar No. 20303800
        6440 North Central Expressway
        1000 Turley Law Center
        Dallas, Texas 75206
        Telephone No. 214/691-4025
        Telecopier No. 214/361-5802

        ATTORNEY FOR INTERVENOR

INTERVENOR'S RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AND CONSENT TO PARTIAL PAYMENT TO TREVOR WILLIAMS AND BRIEF IN SUPPORT THEREOF - Page 4 of 5

Wms - Intervenor Resp 2 Mtn 2 Enforce Stlmt fj05120801.wpd

# CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of Intervenor's Response to Plaintiff's Motion to Enforce Settlement and Consent to Partial Payment to Trevor Williams and Brief in Support Thereof has been served on the following counsel of record via the Court's ECF system on this 15th day of May, 2008.

| | |
|---|---|
| Mr. Dale Willis | dwills@smbtrials.com |
| Swanson, Martinez & Bell, L.L.P. | |
| 330 North Wabash Avenue, Suite 3300 | |
| Chicago, IL  60611 | |
| | |
| Mr. Randal Mathis | mathis@mathisdonheiser.com |
| Mathis & Donheiser | |
| 4600 Trammell Crow Center | |
| 2001 Ross Avenue | |
| Dallas, TX  75201 | |
| | |
| Edward J. Murphy | emurphy@bmpllp.com |
| Beirne, Maynard & Parsons, LLP | |
| 1300 Post Oak Boulevard, Suite 2500 | |
| Houston, TX 77056 | |
| | |
| Jeffrey W. Hightower, Jr. | jeff@barberhightower.com |
| Barber Hightower, LLP | |
| 9400 N. Central Expwy; Suite 1207 | |
| Dallas, Texas 75231 | |
| | |
| Timothy Monsees | tmonsees@mmmpalaw.com |
| Monsees, Miller, Mayer, Presley & Amick | |
| 4717 Grand Ave., Ste. 820 | |
| Kansas City, MO 64112 | |

                                                  /s/
                                               Linda Turley

INTERVENOR'S RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AND CONSENT TO PARTIAL PAYMENT TO TREVOR WILLIAMS AND BRIEF IN SUPPORT THEREOF - Page 5 of 5

Wms - Intervenor Resp 2 Mtn 2 Enforce Stlmt fj05120801.wpd