IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TREVOR WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:05-CV-1383-D |
| vs. | § | (ECF) (CLOSED CASE) |
| | § | |
| REMINGTON ARMS COMPANY, INC. | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF TREVOR WILLIAMS' REPLY TO INTERVENOR'S RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff replies to Intervenor-Plaintiff Turley Law Firm's Response as follows:

### I.  SUMMARY OF ARGUMENT

Importantly, Intervenor-Plaintiff Turley Law Firm ("TLF") does not argue that its intervention survived the court's judgment and dismissal with prejudice of March 5, 2008. Instead, TLF argues without support that *res judicata* does not preclude *other* avenues for TLF's recovery. TLF cites two cases in its bid for two bites at the apple. Assuming *arguendo* that TLF correctly states Texas law, TLF is still barred from future action.

It is undisputed that TLF's alleged rights are based in contract. In its Complaint in Intervention, TLF states that it "has intervened in order to protect its contractual interest in the proceeds from this lawsuit, and seeks enforcement of its 40% contract plus expenses."

After a final adjudication on the merits, the doctrine of *res judicata* now bars TLF from asserting those same contractual claims against Trevor Williams. And TLF is estopped (issue

---

preclusion) from asserting its alleged contractual rights against any other potential defendant. Therefore, Remington has no right—and no need—to include TLF on the check it issues in satisfaction of the settlement agreement on or before June 15, 2008, and it should be precluded from doing so.[1]

## II.  STATEMENT OF FACTS

- July 14, 2005, Suit Filed by Plaintiff Trevor Williams against Remington Arms Company, Inc.
- September 12, 2006, Motion to Intervene by TLF[2]
- October 18, 2006, Memorandum Opinion and Order granting Motion to Intervene
- October 18, 2006, Intevenor Complaint "against all parties" filed by TFL
- February 25, 2008, Trial begins (no severance or voluntary dismissal of Intervention requested or allowed)
- March 5, 2008, Settlement agreement dictated into the record in open court
- March 5, 2008, Jury Verdict for Remington Arms Company, Inc.
- March 5, 2008, Judgment signed dismissing action with prejudice

## III.  ARGUMENT

Turley Law Firm filed an action to enforce its contract and lost.[3]  Turley Law Firm does not dispute that fact in its Response.  Instead, it claims that it has "different options for collection of the assignment."[4]  But it failed to describe or even address how such different (assuming that

---

[1] The court retains ancillary jurisdiction to enforce the settlement agreement. *See Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 430 n.6 (5th Cir. 2002).
[2] Plaintiff unsuccessfully opposed the Motion to Intervene.
[3] Turley Law Firm offers no excuse in its Response for failing to prosecute its intervention.  It also offers no excuse for failing to participate in the trial after having failed to request voluntary dismissal or severance.
[4] In the past, when seeking to enforce alleged contractual rights against former clients, TLF has actually filed separate actions requesting this same relief.  The Dallas Court of Appeals upheld an award of sanctions against TLF: "The day after appellant filed the Dallas proceeding, it moved for summary judgment in the Tarrant County intervention, thereby causing appellees to respond to two cases asserting virtually identical claims simultaneously.  Nothing in the record suggested the Tarrant County trial court was unwilling or unable to resolve the fee dispute so as to warrant a second filing.  In fact, at the first sanctions hearing, appellant's attorney explained he filed the duplicative Dallas suit because 'things were spiraling out of control and we had to do something to protect our interest.'  Based on the record before it, the trial court could have determined the Dallas suit was filed for an improper purpose in violation of Section 10.001(1) of the Texas Civil Practice and Remedies Code. Specifically, the trial could have determined appellant's filed the Dallas lawsuit not to protect their legal interests, but to improperly circumvent an imminent adverse ruling from the Tarrant County trial court poised to finally dispose of the same legal issues. Moreover, the act of filing the Dallas lawsuit could have been viewed by the trial court as unnecessarily

---

they are different) avenues are not subject to *res judicata* or issue preclusion. Both cases cited in support of its claim are easily distinguishable.

First, in *Honeycutt*, the party seeking to enforce a contingency fee agreement intervened and earned a judgment based on a jury verdict in its favor. That is, Intervenor in *Honeycutt successfully prosecuted* its claim. Nothing in that case indicates that an attorney can intervene in a case to enforce its contingency fee contract, lose, and then start all over.

The other case, one that actually involved Turley Law Firm, upholds a state trial court decision to strike TLF's intervention. The reason it cited to *Honeycutt* was that *Honeycutt* describes the ways a party might go about asserting its alleged contractual rights. TLF cannot provide a case to this court (none exists) suggesting that it be allowed to assert rights in a formal pleading (with permission of the court), abandon those claims without receiving permission from the court, lose at trial, and then try again later.

A.   *Res Judicata* and Issue Preclusion (f/k/a Collateral Estoppel)

The doctrine of *res judicata* prevents a litigant from getting yet another day in court after the first lawsuit is concluded. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, as the court has here, the parties to the suit and their privies are bound, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have

---

prolonging and increasing the expense of litigation for appellees due to the personal animosity between the parties. After reviewing the entire record, including the timing and substance of the various pleadings and the testimony at the sanctions hearings, we conclude the trial court did not abuse its discretion in awarding appellees $4,876.25 in sanctions for appellant's filing of the Dallas lawsuit."

*Law Offices of Windle Turley, P.C. v. French*, 164 S.W.3d 487, 491-492 (Tex.App.—Dallas 2005, no writ).

---

PLAINTIFF TREVOR WILLIAMS' REPLY TO INTERVENOR'S RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT—PAGE 3

been offered for that purpose.  This court's final judgment on the merits bars further claims by TLF related to its alleged contractual rights.

Preclusion of a claim under *res judicata* principles requires four elements: (1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases.  *In re Ark-La-Tex Timber Co.,* 482 F.3d 319, 330 (5th Cir. 2007).

1.   *Identity of Parties*

TLF claims an ability to assert in some future action its alleged contractual rights against Trevor Williams.  The parties are identical.

2.   *Court of Competent Juridiction*

Plaintiff asks the court to take judicial notice of the fact that the United States District Court for the Northern District of Texas is a court of competent jurisdiction.

3.   *The Requirement of a Final Judgment "On the Merits"*

The requirement that a judgment must be rendered "on the merits" guarantees every plaintiff the right to be heard once on the substance of his claim.  Ordinarily, the doctrine may be invoked only after a judgment has been rendered which reaches and determines "the real or substantial grounds of action or defense as distinguished from matters of practice, procedure, jurisdiction or form."

An exception to this rule is found in FRCP 41(b), which provides that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision or any dismissal not provided for in this rule … operates as an adjudication upon the merits."

Here, the court's order of March 5, 2008 is clear: [T]his action is dismissed with prejudice." Therefore, TLF's claims have been adjudicated on the merits.[5]

4.  *The same claim or cause of action is involved in both cases*

TLF's alleged contractual rights are the same claims that have been adjudicated on the merits in TLF's intervention.

## IV.  PRAYER

Having met the required elements of *res judicata*, and having proven that the settlement contract does not provide for including TLF as a payee, Plaintiff prays for an order of court indicating that TLF's alleged contractual rights have been decided, that *res judicata* precludes further action against Trevor Williams, that issue preclusion estops TLF for making similar claims against other defendants, and that Remington is ordered to comply with the stated terms of the settlement agreement by omitting TLF from the check in satisfaction of its contractual obligations, and for other just relief.

---

[5] Nor can TLF make claims against other defendants related to his alleged contractual rights (issue preclusion f/k/a collateral estoppel).  In *Bernhard v. Bank of America*, 19 Cal.2d 807, 122 P.2d 892 (1942), Mrs. Bernhard claimed that certain funds held by Cook, the executor of an estate, belonged to the estate. Cook claimed they were a gift to him from the decedent, which he need not include in the assets of the estate. Bernhard challenged Cook's claim in a probate proceeding during the course of the settlement of the estate, and the court held the funds were a gift to Cook.  Bernhard then sued the bank that had been holding the funds and paid them to Cook, alleging again that the funds were assets of the estate that should have been paid to the estate rather than to Cook.  The bank pleaded collateral estoppel, arguing that Bernhard had already adjudicated the right to the funds in the probate proceeding, had lost, and should be precluded from relitigating the issue against the bank.  The court concluded that it was not improper to allow a new party to take advantage of findings in an earlier suit to estop a party who had litigated the issue in the prior action.  Bernhard had been a party to the first action and had a full and fair opportunity to litigate the issue there (just as TLF had a full and fair opportunity to litigate in this court).  The court saw no reason to allow her to relitigate the same issue by simply switching defendants.  Further, In *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313 (1971) the University of Illinois Foundation sued the defendant for infringing a patent but lost on the ground that its patent was invalid.  It then brought a subsequent suit against another defendant for infringement of the same patent.  The Supreme Court reversed its long-standing rule allowing such relitigation and approved the use of nonmutual collateral estoppel against the Foundation on the issue of the validity of the patent.  The Court noted the unfairness and waste of judicial resources that flows from allowing repeated litigation of the same issue as long as plaintiff is able to locate new defendants to sue.

---

Respectfully submitted,

s/ Jeffrey W. Hightower, Jr.
Timothy Monsees
Monsees, Miller, Mayer, Presley & Amick
4717 Grand Ave., Ste. 820
Kansas City, MO  64112
Telephone:  816.361.5550
Facsimile:  816.361.5577
LEAD ATTORNEY

Jeffrey W. Hightower, Jr.
Kristopher S. Barber
BARBER HIGHTOWER, LLP
9400 N. Central Expwy; Suite 1207
Dallas, Texas 75231
Phone:  214.580.9800
Fax:  214.580.9804
Email:  jeff@barberhightower.com
Email:  kris@barberhightower.com
LOCAL COUNSEL

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

On May 16, 2008, this Reply was served through the ECF system.

s/ Jeffrey W. Hightower, Jr.
Jeffrey W. Hightower, Jr.

_____
PLAINTIFF TREVOR WILLIAMS' REPLY TO INTERVENOR'S RESPONSE TO PLAINTIFF'S
MOTION TO ENFORCE SETTLEMENT AGREEMENT—PAGE 6