IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TREVOR WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:05-CV-1383-D |
| vs. | § | (ECF) (CLOSED CASE) |
| | § | |
| REMINGTON ARMS COMPANY, INC. | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S FINAL REPLY TO TURLEY LAW FIRM'S SUR-REPLY TO
PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff asks this court to rule that Turley Law Firm's ("TLF") intervention has been dismissed with prejudice as a matter of law, and to deny any relief requested under Rule 60.

## I.      TLF's Failure to Appear at Trial or Otherwise Prosecute Its Case

The plain language of the judgment indicates that this entire action has been "dismissed with prejudice."[1]  And ample justification existed for dismissal.  TLF could have elected *not* to file an intervention as a party plaintiff.  But it did.  TLF expressly sought to enforce its alleged contractual rights in *this* action, claiming it could not wait until later.  Importantly, TLF argues

---

[1] Rule 54 authorizes dismissal of part but not all of an action.  The judgment here, however, does not indicate anything other than a complete dismissal:  "[T]his action is dismissed with prejudice."  In the absence of a strong showing to the contrary, courts assume that an order accurately reflects the intent of the judge entering it.  *LeBeau v. Taco Bell, Inc.*, 892 F.2d 605, 610 (7th Cir. 1989).  And this court recently noted that "with prejudice" is to be used only when making a *res judicata* determination:

> The panel indicated that the distinction between "with prejudice" and "without prejudice" bears
> principally on the question of *res judicata*:  "We also strongly suggest to the district courts that they
> use the terms 'with prejudice' or 'without prejudice' only when making a determination as to the
> *res judicata* effect of the dismissal." [citation omitted]

*Rolls-Royce Corp. v. Heros, Inc.*, 2008 WL 783549, N.D.Tex., March 25, 2008 (NO. 307-CV-0739-D).

On the clear face of the judgment, TLF's intervention has been dismissed with prejudice.  Rule 41(b) requires reading the March 5, 2008 judgment as an adjudication on the merits because it did not specify otherwise and was "with prejudice."  Although Rule 41(b) is located in the "Trials" section of the Federal Rules of Civil Procedure, it applies (with exceptions not relevant here) to "any dismissal not provided for in this rule."  The burden on Intervenor to persuade the court either to specify that a dismissal is without prejudice, specify that a dismissal applies only to other parties, or vacate the dismissal.  Failing that, Intervenor's recourse is to appeal.  *Rinehart v. Locke,* 454 F.2d 313, 315 (7th Cir. 1971).

---

that "intervenor is treated as if he were an original party and has equal standing with the original parties."  Plaintiff agrees.

By TLF's admission, it became a party to this action just like Trevor Williams and Remington.  TLF was then bound by the rules and orders of the court just like any other party.  It is axiomatic that a party's failure to follow the court's scheduling order and failure to appear at trial without having obtained relief from the court is <u>at the risk of that party</u>.

Leaving untouched TLF's complete failure to prosecute its action before trial, the court called Civil Action No. 3:05-CV-1383 to trial beginning February 25, 2008.  And in timely and orderly fashion, the action was tried to verdict.

TLF made no request to be relieved or released from trial.  Likewise, it made no request to sever its claims.[2]  TLF can cite no rule or case that permits a party to miss the trial of its case without excuse.[3]

While there is no precise rule as to what circumstances justify a dismissal for failure to prosecute, the procedural history of each case may be (and must be) examined.  The essential question is whether, upon the whole proceeding, Intervenor has manifested reasonable

---

[2] In a case highlighting the need to ask permission before failing to attend a trial, a Pennsylvania District Judge wrote:  "Plaintiff's counsel has never requested leave of this Court to withdraw his appearance for the plaintiff as required by Local Rule 15(c) of this Court and no explanation has been received by the Court which would excuse his actions in this case."  *Koury v. International Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America*, 69 F.R.D. 474, 481(E.D.Pa. 1975).

[3] TLF cites an easily distinguishable case holding that an appellate court lacks jurisdiction unless a judgment is final or unless the record contains a certification under FRCP 54(b).  The opinion states that the intervenor was not present at trial, but it does not indicate the circumstances of the intervenor's absence other than a statement that the trial judge referred intervenor's claim to a magistrate judge.  Unlike this case, the intervenor in *Borne* either asked for permission to have its claim heard later, or the court referred the claim to the magistrate on its own.  Nor does the *Borne* opinion indicate what language the district court chose in dismissing the claim.  We are left to speculate regarding both the circumstances of the intervenor's absence from trial *and* the language used in the court's dismissal. There are far too many required inferences to allow *Borne's* vague recitation of procedural history to stand for the proposition that an intervenor may miss trial without excuse and without obtaining the permission of the court.

diligence.[4]  That a litigant is aroused from its slumber by the imminence of dismissal (or in this case, dismissal itself) is hardly an excuse that a court is compelled to abide.[5]

The cases consistently hold that where no valid excuse is offered, the courts are justified in dismissing actions *sua sponte*, without the need for notice and hearing, and without the need for express findings of fact and conclusions of law.[6]

In *Link v. Wabash*, The United States Supreme Court affirmed dismissal where petitioner's counsel did not appear at the pretrial conference.  The *Link* court held and reasoned as follows:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.
>
> * * *
>
> Petitioner contends that the language of this Rule, by negative implication, prohibits involuntary dismissals for failure of the plaintiff to prosecute except upon motion by the defendant. In the present case there was no such motion.
>
> We do not read Rule 41(b) as implying any such restriction. Neither the permissive language of the Rule—which merely authorizes a motion by the defendant—nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.  The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.
>
> Nor does the absence of notice as to the possibility of dismissal or the failure to hold an adversary hearing necessarily render such a dismissal void.  It is true, of course, that "the fundamental requirement of due process is an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for

---

[4] *Cherry v. Brown-Frazier-Whitney*, 548 F.2d 965, 970, (C.A.D.C. 1976); *Walker v. Spencer*, 123 F.2d 347, 350 (10th Cir.), *cert. denied*, 316 U.S. 692, 62 S.Ct. 1296, 86 L.Ed. 1763 (1942).

[5] *Cherry v. Brown-Frazier-Whitney*, 548 F.2d 965, 970, (C.A.D.C. 1976); *Alexander v. Pacific Maritime Ass'n*, 434 F.2d 281, 283-284 (9th Cir. 1970), *cert. denied*, 401 U.S. 1009, 91 S.Ct. 1254, 28 L.Ed.2d 545 (1971).

[6] TLF's briefing incorrectly argues that dismissal for want of prosecution requires a motion.  The district court may enter an involuntary dismissal on its own initiative, without a motion by a party.  *Link v. Wabash R.R.*, 370 U.S. 626, 629-33, 82 S.Ct. 1386, 1388-90 (1962); *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996).

which the constitutional protection is invoked." *Anderson National Bank v. Luckett*, 321 U.S. 233, 246, 64 S.Ct. 599, 606, 88 L.Ed. 692.  But this does not mean that every order entered without notice and a preliminary adversary hearing offends due process.

\* \* \*

Accordingly, when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting.

*Link v. Wabash R.R.*, 370 U.S. 626, 629-33, 82 S.Ct. 1386, 1388-90 (1962).[7]

TLF's Complaint in Intervention is Document Number 34 on this court's docket.  The next filing from Intervenor is Document Number 208.  Intervenor missed every hearing,[8] failed to comply with the court's scheduling order, missed each of the <u>seven</u> days of trial, and otherwise remained completely silent for a year and half, waiting until 70 days after this court entered its judgment to reappear.[9]

There is "nothing in the record before us to indicate that counsel's failure to attend the pretrial conference was other than deliberate or the product of neglect."  *Link v. Wabash R.R.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 1390 (1962).  This case is no different.

Finally, this is not a case in which failure to comply with a court order "was due to inability fostered neither by … (petitioner's) own conduct nor by circumstances within its control." *Societe Internationale Pour Participations Industrielles Et Commercials, S.A. v. Rogers*, 357 U.S. 197 (1958).  Intervenor's counsel received due notice of the scheduling of the

---

[7] In a case that relies heavily on *Link*, the Seventh Circuit Court of Appeals affirmed the dismissal of a case where counsel for plaintiff failed to appear on the second day of trial.  *Esteva v. House of Seagram, Inc.*, 314 F.2d 827 (7th Cir. 1963.  In *Esteva*, just as in this case, Intervenor "points to no justification for his and his counsel's failure to appear at the appointed time for the resumption of the trial…"  *Id.* at 829.  Further, *Esteva* stands for the proposition that this court was not required to make and enter express findings of fact and conclusions of law regarding its dismissal.  *Id.* at 830.

[8] January 5, 2007, 1 hour before Judge Kaplan; February 12, 2008, 2 hours 46 minutes, before Judge Fitzwater, February 20, 2008, Pretrial Conference, 1 hour 15 minutes before Judge Fitzwater.

[9] Other courts have likewise dismissed cases because of a plaintiff's failure to appear at a pretrial conference or to comply with pretrial orders. *Beshear v. Weinzapfel*, 474 F.2d 127 (7th Cir. 1973); *Hyler v. Reynolds Metal Company*, 434 F.2d 1064 (5th Cir. 1970); *In Re Societa Italiana De Armamento*, 210 F.Supp. 444 (D.La.1962).

---

pretrial conference and the trial.  She cannot now complain that she could not have foreseen the consequences of her own default in attendance.  If an attorney's conduct falls substantially below what is reasonable under the circumstances, a party's remedy is against the attorney.

## II.      Modification of the Judgment Under Rule 60 is Not Appropriate

If this court finds that its judgment dismissed TLF's action, TLF may seek to modify the court's order.  The court should not do so.

In 2006, this court wrote a memorandum opinion and order addressing Rule 60:

> Relief under Rule 60(b) is considered an extraordinary remedy … and the desire for a judicial process that is predictable mandates caution in re-opening judgments.  [citations omitted]  A motion … to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence.  It cannot be used to raise arguments which could, and should, have been made before the judgment issued.  Moreover, it cannot be used to argue a case under a new legal theory.  [citations omitted]

*Tillison v. Trinity Valley Elec. Co-op., Inc.*, 2006 WL 1118160 (N.D.Tex).

Further, "inexcusable neglect on the part of an attorney is not grounds for granting [an FRCP] 60(b)(1) motion.  Nor is it a basis for relief under Rule 60(b)(6), notwithstanding the broad language stating that relief should be granted for 'any other reason justifying relief from the operation of the judgment.'"  *Sparrow v. Heller*, 116 F.3d 204, 206 (7th Cir. 1997).

Any motion to modify the judgment will in truth be an effort to have the court excuse TLF's failure to appear and failure to prosecute its case.  The federal rules do not provide for modification of judgments for these reasons, especially where no excuse—let alone a valid one—has been offered.

## III.     Conclusion

TLF offers no excuse for its failure to prosecute its claims or seek relief from the trial setting.  It did not even send someone to *monitor* the trial.  Now TLF wants to re-read or re-

interpret this court's judgment under Rule 54.  If that does not work, it expresses an alternative desire to vacate and modify the judgment.  But TLF's claims are not legally supportable.

Plaintiff prays that this court enter an order specifically dismissing TLF intervention consistent with this court's judgment of March 5, 2008, denying any requested Rule 60 relief, and for other just relief.

Respectfully submitted,


s/ Jeffrey W. Hightower, Jr.
Timothy Monsees
Monsees, Miller, Mayer, Presley & Amick
4717 Grand Ave., Ste. 820
Kansas City, MO  64112
Telephone:  816.361.5550
Facsimile:  816.361.5577
LEAD ATTORNEY

Jeffrey W. Hightower, Jr.
Kristopher S. Barber
BARBER HIGHTOWER, LLP
9400 N. Central Expwy; Suite 1207
Dallas, Texas 75231
Phone:  214.580.9800
Fax:  214.580.9804
LOCAL COUNSEL

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

On June 6, 2008, this Reply was served through the ECF system.

s/ Jeffrey W. Hightower, Jr.
Jeffrey W. Hightower, Jr.