IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                        DALLAS DIVISION

TREVOR WILLIAMS,                §
                                §
              Plaintiff,         §
                                § Civil Action No. 3:05-CV-1383-D
VS.                              §
                                §
REMINGTON ARMS COMPANY, INC.     §
                                §
              Defendant.         §

                         MEMORANDUM OPINION
                            AND ORDER

    Plaintiff Trevor Williams' ("Williams'") motion to enforce settlement agreement has evolved into a fee dispute between Williams' present counsel and his former counsel, Turley Law Firm ("TLF"). After Williams and defendant Remington Arms Company, Inc. ("Remington") reached a mid-trial high-low settlement, the court entered a final judgment dismissing Williams' action against Remington. Before Remington paid the settlement proceeds, however, TLF notified Remington of its claim to attorney's fees, causing Remington to make the settlement check payable jointly to Williams, his present counsel, and TLF, and prompting Williams to file the present motion. Williams maintains that the final judgment precludes TLF from recovering attorney's fees from the settlement proceeds. For the reasons that follow, the court construes TLF's briefing as requesting relief under Fed. R. Civ. P. 60(b), grants such relief, enters a Rule 54(b) amended judgment that resolves only the claims of Williams against Remington, and directs Williams and TLF to present a proposed scheduling order that will enable the

court to resolve the fee dispute that remains.

I

Williams brought a products liability lawsuit against Remington, a rifle manufacturer, arising from an accidental shooting. He was represented at trial by several attorneys, including Jeffrey Hightower, Jr., Esquire ("Hightower"). When the suit was filed, Hightower practiced law with TLF. After Hightower left the firm, however, TLF obtained leave to intervene in this case to protect its 40% contingent fee interest. TLF took no further action to litigate the case on Williams' behalf.

The case was eventually tried to a jury. While the jury was deliberating, Williams and Remington settled the case under a high-low agreement. The jury returned a verdict in Remington's favor. Under the terms of the settlement, the court entered a final judgment on March 5, 2008 dismissing the case with prejudice. *See Williams v. Remington Arms Co.*, No. 3:05-CV-1383-D (N.D. Tex. Mar. 5, 2008) (judgment). Because the jury returned a verdict in Remington's favor, the settlement amount fell at the bottom of the agreed range. After it received a letter from TLF claiming an interest in the proceeds, Remington made the settlement check payable to Williams, his present attorneys, and TLF. This was TLF's first action in the case since obtaining leave to intervene.

Williams responded by filing the instant motion to enforce the settlement agreement. Williams, Remington, and TLF later agreed

that Remington would pay 60% of the settlement proceeds directly to Williams, and that Remington would deposit the remaining 40% (the portion allocable to attorney's fees) in the trust account of one of Remington's lawyers, pending resolution of the motion. The court gave effect to this agreement in a May 20, 2008 order. *See Williams, No.* 3:05-CV-1383-D (N.D. Tex. May 20, 2008) (order). It held a status conference with the parties on May 30, 2008, in which the parties made clear that Remington had effectively discharged its obligation under the settlement agreement to pay the settlement proceeds, and that the real issue was whether TLF could recover the portion of the settlement recoverable as attorney's fees. Given the manner in which the issue had been presented in the briefing (the motion had originated as one to enforce the settlement agreement), and to ensure that the issue was properly framed, the court allowed the parties to submit additional briefing on the question whether TLF is entitled to some or all the attorney's fees recovered under the settlement agreement.

Williams' current attorneys maintain that TLF can no longer assert its claim for fees because the claim is barred by *res judicata*. They point to the court's March 5, 2008 final judgment and emphasize that TLF took no part in the case (after securing leave to intervene) until after the judgment was entered. They maintain that TLF has forfeited the right to pursue its claim due to its own negligence.

TLF responds by disputing the scope of the judgment. It contends that the judgment applies to Williams' tort claims alone, not to TLF's claim for attorney's fees. TLF posits in the alternative that, if the judgment does apply to TLF, it is entitled to relief under Rule 60(b), and that it will file a separate motion seeking such relief. Williams replies that TLF cannot obtain Rule 60(b) relief because it was inexcusably negligent in prosecuting its attorney's fee claim.

II

The court will construe TLF's briefing as requesting relief under Rule 60(b) from the final judgment.[1] Accordingly, it need not decide whether the judgment precludes TLF's claim for attorney's fees because, even if it does have this effect, for the reasons that follow, the court concludes that TLF should be granted relief from the judgment to the extent necessary to preserve its claim to attorney's fees from the settlement proceeds.

On a timely motion, Rule 60(b)(1) permits the court to grant relief from a judgment for reasons of "mistake, inadvertence, surprise, or excusable neglect." Although "a decision to grant or deny relief under 60(b)(1) is within the sound discretion of the trial court," the "rule is to be liberally construed so that

---

[1]This construction serves the interests of judicial economy. No injustice results because Williams' attorneys have already presented arguments in opposition to Rule 60(b) relief. *See* P. Final Reply Br. at 5.

- 4 -

doubtful cases may be resolved upon the merits." *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir. 1985). Because the court did not consider the merits of TLF's claim for attorney's fees, the final judgment in this case is somewhat analogous to a default judgment. *See id.* at 1279-1280 ("Although this case does not involve a default judgment as such, it presents many concerns similar to those in a default judgment situation . . . [because] the district judge did not consider the substantive merits of the defense . . . . [This] presents a clear analogy to a default judgment."). The court will therefore analyze TLF's motion under the factors considered when deciding a motion to set aside a default judgment, with a preference for reaching the merits of TLF's claim. *See id.* The factors are (1) the extent of prejudice to the nonmovant, (2) the merits of the movant's asserted claim, and (3) the culpability of movant's conduct. *See id.* at 1280 (addressing factors in terms of movant-defendant). "These factors are not 'talismanic.'" *Rogers v. Hartford Life & Acc. Ins. Co.,* 167 F.3d 933, 939 (5th Cir. 1999) (quoting *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992)).

III

The court now applies these principles. First, Williams' attorneys have not identified any prejudice that would result from granting TLF relief from the final judgment. "[T]he mere possibility of prejudice from delay, which is inherent in every

case, is insufficient to require denial of a 60(b)(1) motion." *Hibernia Nat'l Bank,* 776 F.2d at 1280. Moreover, a party who secures dismissal of a claim will of course "suffer some form of prejudice anytime it obtains such relief and the opposing party is successful in having it set aside. The court must therefore assess whether the prejudice is *unfair*." *Artemis Seafood, Inc. v. Butcher's Choice, Inc.*, 1999 WL 1032798, at *3 (N.D. Tex. Nov. 10, 1999) (Fitzwater, J.) (addressing Rule 59(e) motion to alter or amend the judgment). Here, the prejudice will not be unfair, because Williams' present attorneys will be required to do no more than litigate their entitlement to recover the attorney's fees despite TLF's lien, and, as the court explains below, TLF's delay in pressing its claim is excusable.

Second, TLF—who was allegedly discharged without cause—has a meritorious claim for relief. *See Hoover Slovacek LLP v. Walton*, 206 S.W.3d 557, 561 (Tex. 2006) ("In Texas, if an attorney hired on a contingent-fee basis is discharged without cause before the representation is completed, the attorney may seek compensation in quantum meruit or in a suit to enforce the contract by collecting the fee from any damages the client subsequently recovers.").

Third, TLF's delay in prosecuting its claim is excusable. Under Texas law, a contingent fee agreement gives the attorney an equitable lien on recovery, but his interest does not vest until the contingency (i.e., the settlement or judgment) has actually

occurred. *See, e.g., Marre v. United States*, 117 F.3d 297, 308 (5th Cir. 1997) ("[A]n attorney does not receive a legal or equitable interest pursuant to a contingency fee contract until the contingency actually occurs." (quoting *In re Willis*, 143 B.R. 428, 431 (Bankr. E.D. Tex. 1992)). In this case, it was the settlement that conferred on Williams a right of recovery from Remington. TLF's contingent right, if any, to recover attorney's fees did not vest until the parties reached the agreement. It was therefore excusable for TLF to await the outcome of the trial (here, the settlement) before pressing its claim. *Cf. Honeycutt v. Billingley*, 992 S.W.2d 570, 575 (Tex. App. 1999, pet. denied) (on rehearing) (noting that trial court had severed attorney's intervention for fees from underlying tort suit and had addressed intervention claim only after settlement had been finalized). Moreover, in holding that an attorney who formerly represented a party has a right to intervene to protect his fee interest in a suit, the Fifth Circuit relied on a decision that allowed an attorney to intervene after final judgment had already been entered. *See Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52, 54 (5th Cir. 1970) (citing *Peresipka v. Elgin, Joliet & E. Ry. Co.*, 231 F.2d 268 (7th Cir. 1956)).

Williams' attorneys argue that, once TLF made the voluntary decision to intervene, it had the duty to monitor its claim and ensure that it would not be extinguished by a final judgment. This

duty, however, would seemingly attach to anyone whose claim has been dismissed due to some kind of a default, and it is not of itself sufficient to warrant denying Rule 60(b) relief. *See Hibernia Nat'l Bank,* 776 F.2d at 1279-80 (holding that courts in these circumstances must consider the factors addressed above, and that doubtful cases should be resolved in favor of reaching the merits). Moreover, the court disagrees with the suggestion that TLF should be penalized for intervening (as opposed to waiting to bring a separate claim). TLF's intervention at an early stage in the case had the benefit of giving the court and the parties notice of TLF's executory interest in recovery, which is something that has in fact been required in some states. *See Peresipka,* 231 F.2d at 269, 273 (noting that attorney filed notice with defendant of his attorney's lien pursuant to state law, and that by serving such notice, "the attorney in effect [became] a joint claimant . . . in the proceeds of any settlement" (internal quotation marks omitted)). Additionally, intervention may be the best way to protect TLF's rights here.[2]

---

[2]In *Madeksho v. Abraham, Watkins, Nichols & Friend,* 112 S.W.3d 679 (Tex. App. 2003, pet denied), the court stated:

> [A] separate action is not an adequate remedy [because] . . . it would deprive the law firm of a property right. After judgment, attorneys who earn a contingency fee are equitable owners (not mere claimants) of their portion of the judgment. If we ignore the law firm's equitable interest and order the entire judgment paid to the clients, the law firm

Therefore, considering the absence of any unfair prejudice to Williams' attorneys, the meritoriousness of TLF's claim, and the fact that TLF's delay was excusable, the court grants TLF's motion for Rule 60(b) relief. The court therefore concludes that its final judgment should be amended to provide for dismissal with prejudice of Williams' action against Remington, and to state that it is entered under Rule 54(b),[3] thereby preserving TLF's claim as intervenor to recover attorney's fees from the settlement proceeds.

IV

The merits of TLF's attorney's fees claim remain to be litigated. The court by separate order filed today directs that Williams' present counsel and TLF submit a proposed scheduling order to bring this dispute to prompt resolution by trial or other disposition.

\* \* \*

Accordingly, Williams' May 6, 2008 motion to enforce settlement agreement is denied without prejudice as moot. Treating TLF's briefing as a Rule 60(b) motion, the court grants the motion

---

> will be deprived of property with no assurance it will be returned. Property rights cannot be treated so indifferently.

*Id.* at 689 (footnotes omitted).

[3]Today's decision does not alter Remington's right to a judgment of dismissal. Because there is no just reason for delay, the court enters a final judgment under Rule 54(b) as to Williams' action against Remington.

- 9 -

and enters today an amended judgment under Rule 54(b) that resolves only the claims of Williams against Remington. By separate order, the court directs Williams and TLF to present a proposed scheduling order that will enable the court to resolve the fee dispute that remains. The clerk of court is directed to reopen this case for statistical purposes.

**SO ORDERED.**

June 19, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE